IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:06-CR-4-BO
No. 2:16-CV-37-BO

| | | |
|---|---|---|
| CALVIN D. BRITT, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

This cause comes before the Court on petitioner's amended motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. [DE 69]. The stay previously entered in this matter has been lifted, and the parties have filed supplemental briefing or the time for doing so has expired. For the reasons that follow, petitioner's § 2255 motion is DENIED.

## BACKGROUND

Petitioner, Britt, was sentenced on July 10, 2007, to a total term of 180 months' imprisonment following his plea of guilty to counts one and two of a superseding indictment charging interference with commerce by robbery (count one), 18 U.S.C. § 1951; using, carrying, and possessing a firearm during and in relation to a crime of violence (count two), 18 U.S.C. § 924(c)(1)(A); and possession of a firearm by a convicted felon (count three), 18 U.S.C. §§ 922(g)(1) and 924. [DE 48].

Britt filed a 28 U.S.C. § 2255 motion, arguing that his conviction on count two and his career offender enhancement under section 4B1.1 of the United States Sentencing Guidelines were based on the unconstitutionally vague residual clause of 18 U.S.C. § 924(c). Upon a motion by the government, the case was stayed on August 3, 2016, and again on July 19, 2017, to await decisions by the Fourth Circuit in *United States v. Walker*, 934 F.3d 375 (4th Cir. 2019), and *United States v. Simms*, 914 F.3d 229 (4th Cir. 2019). Although *Simms* was decided on January

24, 2019, the mandate in *Simms* was stayed to await the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019). Following the Supreme Court's decision in *Davis* and the Fourth Circuit's mandate in *Simms*, this Court *sua sponte* lifted the stay in this matter and ordered additional briefing. In this posture, the § 2255 motion is ripe for adjudication.

## DISCUSSION

A motion under 28 U.S.C. § 2255 will be granted where the petitioner has shown that his sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose the sentence, that the sentence was in excess of the maximum sentence authorized by law, or that it is otherwise subject to collateral attack. 28 U.S.C. § 2255(a).

In his amended § 2255 motion, Britt argues first that he is no longer a career offender under U.S.S.G. § 4B1.1 and second that his 18 U.S.C. § 924(c) conviction is invalid as it is based on predicate offense that is no longer a crime of violence. Britt relies on the Supreme Court's holding in *Johnson v. United States*, 135 S. Ct. 2551 (2015), as the basis for both claims. In *Johnson*, the Supreme Court held that the residual clause of the Armed Career Criminal Act's definition of a crime of violence is unconstitutionally vague. *Id.* at 2563; 18 U.S.C. § 924(e)(2).

As to Britt's first claim for relief, it is properly denied. The Supreme Court in *Johnson* held that the ACCA's residual clause is unconstitutionally vague and that to increase a defendant's sentence under that clause denies the defendant due process of law. *Id.* at 2557. In *Welch v. United States*, the Supreme Court held that *Johnson* announced a substantive rule that applies retroactively on collateral review. 136 S. Ct. 1257 (2016). However, and in contrast to the ACCA, the Supreme Court held in *Beckles* that the United States Sentencing Guidelines are not subject to vagueness challenges under the Due Process Clause. *Beckles v. United States*, 137 S. Ct. 886, 894 (2017) ("Because they merely guide the district courts' discretion, the Guidelines are not amenable

2

to a vagueness challenge."). *Beckles* forecloses the argument raised by Britt, namely that the rule announced in *Johnson* renders his advisory guideline sentence unconstitutional.

Britt's second claim for relief is also properly denied. A defendant shall be subject to a consecutive sentence if he "during and in relation to any crime of violence or drug trafficking crime . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm or who, in furtherance of any such crime, possesses a firearm . . . ." 18 U.S.C. § 924(c)(1)(A). The predicate offense for Britt's conviction under 18 U.S.C. § 924(c) for using, carrying, and possessing a firearm during and in relation to a crime of violence is his interference with commerce by robbery (Hobbs Act robbery) charge in count one. Section 924(c) defines a crime of violence as a felony offense that

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another [the force clause], or
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense [the residual clause].

18 U.S.C. § 924(c)(3)(A)-(B). The residual clause of § 924(c)(3) is now invalid. *Davis*, 139 S. Ct. at 2336; *Simms*, 914 F.3d at 252. However, Hobbs Act robbery remains a crime of violence under the force clause of § 924(c)(3)(A). *United States v. Mathis*, 932 F.3d 242, 266 (4th Cir. 2019). Accordingly, Britt's § 924(c) conviction stands because Hobbs Act robbery remains a qualifying predicate crime of violence under § 924(c)(3).

## Certificate of Appealability

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84

3

(2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). As reasonable jurists would not find this Court's dismissal of petitioner's § 2255 motion debatable, a certificate of appealability is DENIED.

## CONCLUSION

Accordingly, for the foregoing reasons, petitioner's amended motion to vacate, set aside, or correct sentence [DE 69] is DENIED.[1] A certificate of appealability is also DENIED.

SO ORDERED, this **23** day of September, 2019.

TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] The clerk is DIRECTED to terminate as pending petitioner's original § 2255 motion at [DE 61].

4